UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARCUS L LEWIS,

           Plaintiffs,

    v.                                            Case No. 25-cv-0645-bhl

HANNAH C DUGAN, et al,

           Defendants.

---

## SCREENING ORDER

---

On May 2, 2025, Plaintiff Marcus Lewis, proceeding without an attorney, filed this lawsuit against Hannah C. Dugan, Jonathan David Richards, the State of Wisconsin, the City of Cudahy, Janet Morris, John E. Dobagi III, Grace Flynn, Michael V. Fuentes, Matthew Zist, the Milwaukee Sheriff's Department, and Wellpath.[1] (ECF No. 1.) Over the following weeks, Lewis also filed several sets of documents to supplement his complaint. (ECF Nos. 4–7.) In his complaint, Lewis invokes 42 U.S.C. §1983 and alleges that the Defendants violated his rights in connection with his arrests on February 26, 2020 and December 5, 2021. (ECF No. 1-1 at 1.) Lewis has also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is now before the Court for consideration of Lewis's IFP motion and the screening of his complaint. *See* 28 U.S.C. §1915.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Lewis's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he is unemployed, homeless, and has no income or assets. (*Id.* at 1–4.) Based on these sworn

---

[1] The body of Lewis's complaint lists a number of additional apparent defendants. (ECF No. 1 at 2–3.)

assertions, the Court concludes that Lewis lacks sufficient resources to pay the filing fee and will grant his motion to proceed IFP.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

This lawsuit is Lewis's sixth attempt to bring claims related to his February 26, 2020 and December 5, 2021 arrests. In all six complaints, Lewis contends that various defendants treated him unfairly in connection with these same arrests. (*See Lewis v. Szudarski*, 24-cv-00150-BHL, ECF No. 1; *Lewis v. Bilda*, 24-cv-00589-BHL, ECF No. 1; *Lewis v. City of Cudahy*, 24-cv-00918-BHL, ECF No. 1; *Lewis v. Ludwig*, 24-cv-01013-PP, ECF No. 1; *Lewis v. City of Cudahy*, 24-cv-01492-BHL, ECF No. 1.) Only one of the prior cases remains pending. In that case, Lewis is pursuing a Fourth Amendment claim against the officers involved in his December 5, 2021 arrest. (*Szudarski*, 24-cv-00150-BHL, ECF No. 7.) All other cases have been dismissed on a variety of grounds, including claim splitting, Rule 8, immunity, and claim preclusion. (*Bilda*, 24-cv-00589-BHL, ECF No. 5; *City of Cudahy*, 24-cv-00918-BHL, ECF No. 10; *Ludwig*, 24-cv-01013-PP, ECF No. 4; *City of Cudahy*, 24-cv-01492-BHL, ECF No. 4.)

Lewis's most recent complaint yet again runs afoul of Rule 8. Even considering Lewis's "supplements," his complaint does not clearly identify what claims Lewis is trying to assert against any of the defendants. Under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Lewis cites to 42 U.S.C. §1983 but otherwise offers no clear indication why he thinks he is entitled to relief from any of the defendants. He parrots a series of legal terms, constitutional amendments, and statutes, but does not explain how any of them apply to him or the identified defendants. (ECF No. 1 at 3.) It is clear that Lewis is upset with his treatment during and after his arrests on February 26, 2020 and December 5, 2021, but he has not provided the defendants with "fair notice" of his claims against them. *See Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As explained in the Court's screening orders from his prior cases, his failure to do so violates Federal Rule of Civil Procedure 8(a)(2).

Lewis's latest complaint and "supplements" are also defective in other ways. Consistent with the explanations the Court has provided in dismissing his prior cases, his latest effort is contrary to the doctrines of claim splitting, claim preclusion, and immunity. *See Scholz v. United States*, 18 F.4th 941, 951–52 (7th Cir. 2021) (explaining claim splitting); *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (explaining claim preclusion); *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012) (explaining that judges cannot be sued when acting in their official roles). Moreover, Lewis's claims are now barred by the statute of limitations. *See*

*D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that the statute of limitations for Section 1983 actions in Wisconsin is three years).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). If "it is apparent from a reading of the complaint that . . . the case is going nowhere," the lawsuit is frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). Lewis's complaint is yet another attempt to bring claims the Court has already informed him he does not have. The Court concludes that this case is frivolous and will not give Lewis leave to amend.

Given Lewis's repeated filings of new, frivolous lawsuits related to the same issues, the Court is also forced to take steps to save itself and Court staff from further meritless filings. The Court finds that his continued filings are unreasonable and vexatious, and the Court will exercise its inherent power to prevent the further wasting of judicial resources. *See Carr v. Tillery*, 591 F.3d 909, 919–20 (7th Cir. 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)). The Court will bar Lewis from filing any further complaint relating to his 2020 and 2021 arrests, including complaints about related court proceedings. This sanction will not impact Case No. 24-cv-0150-BHL, but the Court cautions that further sanctions may be ordered if Lewis continues to burden the Court with additional meritless filings.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Lewis's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Lewis's Complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Lewis is **BARRED** from filing complaints in this Court relating to his 2020 and 2021 arrests. The Clerk is instructed not to file complaints related to Lewis's 2020 and 2021 arrests, including complaints about related court proceedings. The bar does not impact Case No. 24-cv-0150-BHL.

Dated at Milwaukee, Wisconsin on May 27, 2025.

                                              s/ *Brett H. Ludwig*
                                              BRETT H. LUDWIG
                                              United States District Judge